UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and STATE OF INDIANA, ex rel. ERIC R. KLUEG, | ) ) ) ) | |
| Plaintiff/Relator, | ) ) | |
| v. | ) ) | 3:14-cv-64-RLY-WGH |
| UNITY TRANSPORTATION, LLC, d/b/a UNITY TAXI, WILLIAM B. KRAMER, KARENA KRAMER a/k/a KARENA BAUER KRAMER, A2B CAB COMPANY and PERSONAL ASSISTANT SERVICES & TRANSPORTATION, LLC d/b/a P.A.S.T. LLC, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON SEALED APPLICATION FOR
ENLARGEMENT OF TIME IN WHICH TO INTERVENE**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Application for Enlargement of Time in Which to Intervene filed by the United States of America on December 18, 2014 (Dkts. 23-24), and a Motion for Extension of Seal filed by the State of Indiana on December 22, 2014 (Dkt. 25). These motions are **GRANTED, in part**, and **DENIED, in part**, because neither movant has shown good cause to keep this matter under seal.

The Relator filed this action on May 2, 2014, and the Attorney General was served with notice of the Complaint on April 28, 2014. The United States and the State of Indiana, therefore, have now had nine months in which to evaluate whether to intervene in this matter.

In its Application, the United States advises that "law enforcement agents" from "agencies, including the FDA and HHS-Office of the Inspector General" and "agents from the Federal Bureau of Investigation" have been assigned to this investigation. (Dkt. 24, p. 2.) The United States advises that "the attorneys and agents are actively engaged conducting both a criminal and civil investigation of the claims alleged in the *qui tam* Complaint at this time." (*Id.*) The United States indicates "[t]he investigation has progressed, but requires additional time until it reaches a final resolution." (*Id.*) The State of Indiana advises that it is an "investigative partner" with federal officials. (Dkt. 25.)

Under the False Claims Act at 31 U.S.C. §§ 3730(b)(2) and (3), the Government may for good cause shown ask for extensions of time during which the Complaint remains under seal.

The fact that civil and criminal investigations are underway does not, in this Magistrate's opinion, establish good cause for keeping this matter under seal. The purpose of extensions under the False Claims Act is to allow the United States and the State of Indiana to determine "whether it is in the Government's interest to intervene and take over the civil action. . . ." S. Rep. No. 345, 99th Cong., 2d Sess. at 25, *reprinted in* 1986 U.S. Code Cong. & Ad.

News 5266, 5289.  The purpose of the extensions is not to allow these governmental agencies to prepare and complete civil or criminal investigations.

The United States has already determined that it is investigating the matters alleged in the Complaint.  To continue keeping this matter under seal only prevents the Defendants from being apprised of the claims being brought against them in a timely manner.  If there is a defense to these claims, the Defendants must begin the process of assembling the proof necessary to support that defense.  The passage of time may cause important evidence to be lost or discarded.  In addition, to the extent that the members of the public are entitled to know allegations of this nature, the sealing of the Complaint impedes access to those members of the public who care to know.

The unsealing and commencement of this action by service of process does not irreparably harm any governmental interests in any parallel criminal or administrative proceedings.  31 U.S.C. § 3730(C)(4) allows the Government to make a showing that discovery in the *qui tam* action would interfere with those other governmental actions.  That statute provides:

> (4)  Whether or not the Government proceeds with the action, upon a showing by the Government that certain actions of discovery by the person initiating the action would interfere with the Government's investigation or prosecution of a criminal or civil matter arising out of the same facts, the court may stay such discovery for a period of not more than 60 days.  Such a showing shall be conducted in camera.  The court may extend the 60-day period upon a further showing in camera that the Government has pursued the criminal or civil investigation or proceedings with reasonable diligence and any proposed discovery in the civil action will interfere with the ongoing criminal or civil investigation or proceedings.

The Magistrate reads this portion of the statute to suggest that the relator and the defendant are entitled to pursue the claims through the regular discovery process, absent a showing by the Government of specific facts which demonstrate that the discovery impedes a civil or criminal investigation. Currently, there are no specific facts before the Magistrate showing why civil discovery on the *qui tam* action would interfere with the United States or the State of Indiana's civil or criminal investigation. General conclusory statements are not sufficient. Neither is the Government's request to conduct the investigations in secret or without noticing the target of those investigations a sufficient "good cause" to delay the case and the normal discovery process.

Therefore, the Application for Enlargement of Time in Which to Intervene and keep the document under seal in **GRANTED, in part**, and **DENIED, in part**. The United States and the State of Indiana will be granted an extension of time as they request to determine whether to intervene. However, the Clerk of Court is **DIRECTED** to unseal this case within fifteen (15) days of the date of this Order unless there is an appropriate motion for appeal of this Order to the assigned United States District Judge. Service of the Complaint must proceed promptly after the case is unsealed.

**SO ORDERED.**

**Dated:** January 30, 2015

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Served electronically on all ECF-registered counsel of record.**