UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and STATE OF INDIANA *ex rel.* ERIC R. KLUEG | ) ) ) ) | |
| Plaintiffs, | ) ) | 3:14-cv-00064-RLY-WGH *SEALED* |
| vs. | ) ) | |
| UNITY TRANSPORTATION, LLC; KARENA KRAMER; A2B CAB COMPANY; PERSONAL ASSISTANT SERVICES & TRANSPORTATION, LLC; and WILLIAM B. KRAMER, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFFS'** ***EX PARTE*** **OBJECTIONS TO THE MAGISTRATE JUDGE'S JANUARY 30, 2015 ORDER**

On May 2, 2014, Relator, Eric R. Klueg, filed a *qui tam* action—on behalf of himself, the United States, and the State of Indiana—against Defendants, Unity Transportation, LLC, *et al* (collectively "Unity"), under the False Claims Act ("FCA"), 31 U.S.C. § 3730(b), Indiana's False Claims and Whistleblower Protection Act ("FCWA"), Indiana Code § 5-11-5.5-4, and Medicaid False Claims and Whistleblower Protection Act ("MFCWA"), § 5-11-5.7-4.[1] Pursuant to Federal Rule of Civil Procedure 72(a), the Government and the State of Indiana filed separate *ex parte* objections to the

---

[1] The FCWA and MFCWA mirror each other in many relevant respects. Unless specified otherwise, reference to the FCWA denotes reference to both acts.

1

Magistrate Judge's denial of their motions to extend the election period during which the case remains under seal. The United States has since filed notice declining to intervene in the action. (*See* Filing No. 34). The court therefore **OVERRULES as moot** the objection filed by the United States. For the reasons set forth below, the State's objection is also **OVERRULED as moot**.

The complaint contains allegations that Unity engaged in schemes designed to defraud Medicaid in violation of the FCA and state statutes. Similar to its federal counterpart, the FCWA mandates that the Relator file the complaint *in camera* and that it remain under seal for a period of time within which the State may elect to intervene and proceed with the action.[2] Ind. Code § 5-11-5.5-4(c)(2); § 5-11-5.7-4(c)(2). For "good cause," the State may move the court for extensions of time during which the complaint remains under seal. § 5-11-5.5-4(d); § 5-11-5.7-4(d).

The Magistrate Judge granted extensions to the United States and the State at the end of the initial sixty-day period and again in September 2014. (*See* Filing Nos. 12 and 13). In December 2014, the governments moved for a third ninety-day extension to the election period set to expire on December 24, 2014. (*See* Filing No. 23). In support of its motion, the State cited its need for additional time to review the Medicaid data and corroborate the allegations in the Complaint. (*See* Filing No. 25 at 2; Filing No. 33 at 7–

---

[2] Like the FCA, the MFCWA mandates that the complaint remain under seal for at least sixty (60) days. § 5-11-5.7-4(c)(2). The FCWA, however, prescribes a period of at least one hundred twenty (120) days. § 5-11-5.5-4(c)(2).

12). The Magistrate Judge denied the requests on January 30, 2015, and directed the Clerk of Court to unseal the case within fifteen days.

On February 17, 2015, the governments filed ex parte objections to the Magistrate Judge's Order. Although the underlying motions before the Magistrate Judge sought an extension up to and including March 24, 2015, in its objection the State sought to extend the seal until April 20, 2015. (Filing No. 33 at 12). Now that the State has benefitted from the lag time between the Magistrate Judge's ruling and the court's review, the court finds the State's Objection moot and overrules it as such.

## Conclusion

For the foregoing reasons, the court **OVERRULES as moot** the objections filed by the United States (Filing No. 32) and the State of Indiana (Filing No. 33). The court hereby orders the Clerk of Court to unseal this case. Service of the Complaint shall be made upon all defendants promptly thereafter.

**SO ORDERED** this 24th day of April 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.